HENRY GREENEBAUM

*v.*

ALBERT S. GAGE.

1. CONTRACT—*construction—parol evidence.* Where a person holding the note of another agrees with the maker to forfeit the note if he should buy or sell goods in the line of the wholesale millinery goods business in the city of Chicago before the first of July, 1870; and bill of sale, from the payee to the maker, bearing date prior to the agreement, showed a sale by the former to the latter of all of his interest, the partnership goods, books, good will, etc., belonging to a firm of which they were members, in a suit on the note: *Held,* that it might be shown by parol that both papers, although bearing different dates, were executed at the same time, and formed part of the same contract; that, by such evidence, it might be shown what was the character of the business in which they were engaged, and to which the bill of sale and good will related; but parol evidence as to the negotiations that occurred previous to and at the time of the sale, are inadmissible in such a case, because they were merged in the written agreement, and the separate agreements must refer in some manner to the same thing before they can be viewed as one instrument, and construed in the light of surrounding circumstances.

2. CONTRACT—*breach of.* Where it is claimed that such a contract was broken, it must appear that the payee had, in point of fact, engaged in

buying or selling goods in the line of the wholesale millinery goods business at the place and before the time named in the agreement, for himself or some other person with whom he had a joint interest. If he acted as a clerk, or employee only. of persons engaged in the business, and not for himself or a firm in the business, there was no breach of the contract; nor would the fact that he may have held himself out as a member of a firm engaged in the business, forfeit the note, unless he was a member of the firm. It is error to refuse to so instruct the jury. The true question. was, whether he was in fact a member of the firm, or had an interest in the same.

APPEAL from the Circuit Court of Cook county; the Hon. HENRY BOOTH, Judge, presiding.

Messrs. E. & A. VANBUREN, for the appellant.

Messrs. SLEEPER & WHITON, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

Appellant, as plaintiff below, brought an action of assumpsit in the Cook circuit court against appellee, and declared upon a promissory note bearing date August 1st, 1867, made by appellee to one Daniel Webster, whereby the former promised to pay the latter the sum of $10,000 on demand, with interest at the rate of seven per centum per annum, payable semi-annually. Pleas—the general issue, and two special pleas setting up, in substance, that on to wit, the 1st day of January, 1870, appellee and said Webster being co-partners in business, the former purchased of the latter all of his interest in the business, including the good will, for the sum of $50,000, which he then paid to Webster, and at that time, as a part of the transaction, Webster executed and delivered to appellee the following agreement:

Whereas I am now the owner and holder of a certain promissory note, made by Albert S. Gage, for $10,000, on which $8,000 and interest to January 1st, 1870, has been paid; now

I hereby agree to and with Albert S. Gage, to forfeit said note and forever hold him harmless therefrom, if I should buy or sell goods in the line of the "Wholesale Millinery Goods business," in the city of Chicago, before the first day of July, 1870, for myself or for any person or persons with whom I may have a joint interest.

Dated, February 21, 1870.          DANIEL WEBSTER.

The pleas averred that the note declared on, and that mentioned in said agreement, was one and the same; that appellant took it with full notice, and averred a breach of the agreement.

Replications were filed traversing the matters of the pleas.

On the trial the note introduced by appellant had $8000 and interest indorsed upon it as paid, and was fully identified as the note referred to in the agreement.

The signatures to the bill of sale and the agreement having been admitted, these instruments were given in evidence by appellee. The bill of sale is as follows:

I, Daniel Webster, of Chicago, State of Illinois, in consideration of the sum of $50,000 in cash paid, the receipt whereof is hereby acknowledged, do hereby sell, assign, transfer, convey and set over to Albert S. Gage, of said city, all my right, title, interest and property, of every name, kind and description whatever, to which I am now or may hereafter be entitled in the partnership goods, book accounts, credits, chattels, good will or property of any name, kind or description, belonging or to belong to the firm of Webster & Gage, now doing business in the city of Chicago.

Dated, January 1st, 1870.          DANIEL WEBSTER.

Appellee, having offered himself as a witness, testified that this instrument, though bearing date January 1st, was in fact executed at the same time of the agreement of the 21st of

February, 1870; and then, for the purpose of showing a consideration for the latter agreement, the court permitted appellee, against the objections of appellant's counsel, to state all the negotiations and conversations between him and Webster relative to the transaction, occurring prior to and cotemporaneously with the making of the instruments. Such testimony was inadmissible.

These two instruments, if made at the same time, between the same parties, and in relation to the same subject, must be held to constitute but one contract. 2 Parsons on Cont. 503; *Stacey* v. *Randall*, 17 Ill. 468. Though bearing different dates, it was competent to show, by parol, that they were in fact made at the same time. This was done. They were made between the same parties, and the only question that admits of discussion is, whether they related to the same subject. This, in general, must be determined by what appears by their contents, which, however, may be viewed in the light of surrounding circumstances. The instrument of sale from Webster to Gage does not mention the kind of business in which they had been engaged, though it does the name of the firm. It appears, as an extrinsic fact, that it was the wholesale millinery business, and by that instrument Webster not only sold to Gage all his interest in the property, but in the good will of the business, which expressly appears to have been carried on in the city of Chicago.

The consideration is stated to have been $50,000. This, then, in short, was a sale by Webster to Gage of all the right, title and interest of the former in all the property of the firm, as well as the good will of the business, for $50,000.

The agreement embraced in the other instrument clearly relates to the good will of the concern which Gage purchased, and discloses a clear intention to protect him in the enjoyment of it, to a certain extent, by providing a forfeiture on Webster's part of the $2000 due upon the note he held against Gage, if the former should buy or sell goods in the line of the

wholesale millinery goods business in the city of Chicago before the first day of July, 1870, for himself, or for any person or persons with whom he might have a joint interest. Nothing could be clearer than that these two instruments relate to the same subject. Both are, therefore, to be regarded as one contract, the same as if embodied in one instrument. It is complete in itself, and the construction of it devolved upon the court, for which purpose recourse might be had to the surrounding circumstances to show the kind of business in which they had been engaged, but not to negotiations or conversations prior to, or cotemporaneous with, its execution. These were all merged in the written contract, which must be presumed to embrace all that was intended by the parties. The consideration appears upon the face of the agreement, so that the admission of such parol evidence can be justified upon no such ground, as showing the consideration.

Evidence was given tending to show that Webster, before the 1st of July, 1870, became in some way connected with a firm engaged in the wholesale millinery business, under the name of Webster Bros., near the place of business of appellee. Whether such connection was that of a member of the firm, or as being jointly interested in it, or that of a mere clerk, was the principal question of fact to be passed upon by the jury.

Appellee's evidence tended to show that he had frequently held himself out as a member of the firm; while appellant's tended to show that he was a mere employee or clerk, and had no joint interest in the business, as partner or otherwise.

This is not like the kind of case where a party holding himself out as member of a firm will be held conclusively bound as to all persons dealing with the firm on the faith of such appearances. But in order to constitute a breach of the contract in question, and a forfeiture of the $2000, it was incumbent upon the appellee to show, by a preponderance of evidence, that Webster was, in point of fact, engaged in buying or selling goods in the line of the wholesale millinery goods business

at the place and before the time mentioned in the agreement, for himself or for some other person or persons with whom he had a joint interest. If he was not buying or selling for himself, or the firm of Webster Bros., he having a joint interest with them in the business as proprietor, but was acting in the capacity of clerk or employee, then, no matter how he held himself out, his acts would not constitute a breach of the contract, nor the forfeiture follow. The court must enforce the contract as the parties have made it.

The court was requested by appellant's counsel to instruct the jury that, even if they should believe from the evidence that Daniel Webster had called himself a member of the firm of Webster Bros., that *that* will not defeat the plaintiff's recovery, unless he, in fact, was owner or part owner, or that he was interested in the firm as stated in the contract. The question is, did he in fact have an interest in the business of the firm?

That it was not enough to defeat the action for Daniel Webster to hold himself out as a member of the firm of Webster Bros., unless he, in fact, was such member of the firm, with an interest in it, even if he did hold himself out as such member of the firm.

These instructions were both refused, and exception taken. We think they were based upon a correct construction of the contract, and should have been given.

For the errors indicated, the judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*