## Hattie B. Harts v. Rose H. Fowler, for use, etc.

1. INTEREST—*At Common Law.*—At the common law, interest was not recoverable at any rate or in any case.

2. USURY—*At Common Law.*—Any sum of money received for the use of other money was denominated usury and deemed unlawful at common law.

3. INTEREST—*A Creature of the Statute.*—Our statute, however, permits parties to bargain for interest at a certain rate, and allows interest under certain circumstances without a contract to pay it. Recovery of interest therefore depends upon the statute. Unless authorized by the statute interest can not be recovered.

4. INTEREST—*What Contracts Do Not Create a Liability to Pay.*—A person bought premises upon which a mortgage was being foreclosed for a stated indebtedness. The defense sought to reduce the amount. The purchaser took the premises subject to the indebtedness, and agreed to pay to the vendor whatever amount he was able to reduce the mortgage indebtedness. The vendor, having been successful in reducing the amount materially, claimed interest on the amount so reduced, of the purchaser. It was held that the contract did not create a liability to pay interest.

Memorandum.—Assumpsit. Suit commenced August 11, 1891. Appeal from the Circuit Court of Sangamon County; the Hon. JESSE J. PHILLIPS, Judge, presiding. Heard in this court at the May term, 1893. Reversed and remanded with directions. Opinion filed November 4, 1893.

### STATEMENT OF THE CASE.

The appellee owned certain lots in Springfield, Illinois. There was pending a bill in chancery in the United States Circuit Court, for the foreclosure of a mortgage given by her upon the lots to the Equitable Trust Company of New London, Connecticut, to secure the repayment of certain moneys loaned by the trust company to her, together with interest thereon according to the tenor and effect of certain notes or bonds described in the mortgage. The trust company claimed that there was due and unpaid upon this mortgage indebtedness the sum of $7,500, which included interest upon the sum loaned.

The appellee was resisting the foreclosure proceeding, her defense being that the contract through which the loan was procured of the trust company, was tainted with usury, and that therefore the company ought to recover only the principal sum loaned, less payment made thereon, and she relieved from the payment of any interest whatever.

If successful, this defense would reduce the mortgage indebtedness materially. While the affair was in this situation, the appellant contracted to buy and bought the mortgaged lots at an agreed price of $8,000, out of which the mortgage lien was to be discharged.

The appellee did not wish the appellant to pay off and discharge such indebtedness, but wished her to retain an amount sufficient to secure her as to it, and retain such amount until it should be judicially determined whether she should be required to pay interest to the company according to its claim, or be relieved therefrom upon her defense of usury. This appellant consented to do.

To accomplish the desired result, the appellee conveyed the lots to the appellant by warranty deed, in which was incorporated a stipulation to the effect that the appellant took the lots subject to the mortgage indebtedness aforesaid, and that she assumed to pay the same as part of the consideration for the conveyance. As the agreed price to be paid for the lots exceeded the claim of the trust company in the sum of $500, the appellant paid such excess in cash to the

appellee, and to provide for the payment of the remainder of the $8,000 which she was to pay for the lots, executed and delivered to the appellee an instrument in writing, which is as follows :

" Whereas, I, Hattie B. Harts, of the city of Springfield, Illinois, have purchased of Rose H. Fowler, of same place, lots nine, ten, eleven and twelve, in Constant's Second addition to the said city, at and for the price of $8,000, and have assumed the payment of a certain indebtedness secured by trust deed on said lots to the Equitable Trust Company, of New London, Connecticut, as a part of the purchase money for said lots, which said indebtedness, as claimed by said company, is $7,500, *and interest;* and whereas, suit is now pending in the United States Circuit Court for the Southern District of Illinois, by said company against said Rose H. Fowler, and others, for the foreclosure of said trust deed, in which the said Rose H. Fowler is contending for a reduction of said indebtedness;

And whereas I have paid the said Rose H. Fowler the sum of $500, assuming that the sum of $7,500 claimed by said company as due to it is the correct amount of said indebtedness; now, this is to witness, that I, in consideration of the premises, do hereby agree and promise to pay to said Rose H. Fowler the amount of any reduction of said indebtedness she may obtain by the judgment and decree of said court in said cause, and to pay the same whenever such judgment or decree may be rendered, or, in case of appeal, when the appeal is determined and the amount ascertained.

HATTIE B. HARTS."

The appellant immediately entered into possession of the lots and has since retained such possession and enjoyed the rents and profits arising therefrom.

The appellee's defense of usury was sustained against the trust company, and the amount of the mortgage indebtedness fixed by the final decree in the foreclosure suit at $2,231.

The appellant, in pursuance of these terms of the agreement above set out, immediately upon the rendition of the

decree in foreclosure, paid to the trust company the amount so found due to it, and paid also all costs of the proceeding, and was ready and willing to pay to the appellee the balance of the said sum of $7,500 so retained by her under the terms of the agreement. The appellee contended that she was entitled in addition thereto to interest at the legal rate upon the said sum of $7,500, from the date of the execution of the writing between them to the date of the payment of the amount decreed to the trust company, and interest at the same rate after such payment, on the balance of said sum of $7,500 above the amount so paid upon the decree to trust company. The appellant denied liability to pay such interest, and this action was brought to recover upon the contract between the parties according to the contention of the appellee.

The Circuit Court ruled that interest was so recoverable and rendered judgment accordingly. This is an appeal from the judgment.

APPELLANT'S BRIEF, CONKLING & GROUT, ATTORNEYS.

Interest is the creature of contract or the statute. Sammis v. Clark, 13 Ill. 544; City of Chicago v. Allcock, 86 Ill. 384.

If not authorized by the statute it can not be recovered. City of Pekin v. Reynolds, 31 Ill. 529.

Interest is recoverable under the statute on a balance ascertained to be due on a liquidation of accounts. Coughlin v. Gutta Percha and Rubber Mfg. Co., 33 Ill. App. 71.

A debt is liquidated when it is certain what is due and how much is due. Although it may appear that something is due, if it does not also appear how much is due, the debt is not liquidated. Clark v. Dutton, 69 Ill. 521.

Nothing being due upon the promise in the agreement until the ascertaining of the amount, there could be no breach until then, and interest can not be charged thereon from the date of the contract. Loose v. Wood, 17 Brad. 26.

In the absence of an express promise, interest is not recoverable where the principal sum is not fixed and certain. Bassett v. Noble, 15 Brad. 360.

Interest is only recoverable when authorized by the statute or the agreement of the parties. Greenwood v. La Salle, 137 Ill. 230.

Under the statute (Sec. 2, Chap. 74) interest is recoverable in the following cases without special contract for same : 1st. On money after it becomes due on written instrument. 2d. Money lent or advanced for use of another. 3d. Money due on settlement of accounts from date of liquidation of account and ascertainment of balance. 4th. Money received to use of another and retained without his knowledge. 5th. Money withheld by unreasonable and vexatious delay in payment. It is clear that under neither of these heads can the appellee justify her claim or sustain her judgment. A statutory allowance of interest in enumerated cases is an implied denial of interest in all other cases. Sammis v. Clark, 13 Ill. 544; Hitt v. Allen, 13 Ill. 592.

Where statute gives no interest, none can be recovered. Illinois Central R. R. v. Cobb, 72 Ill. 148; Munger v. Jacobson, 99 Ill. 349.

Brown, Wheeler & Brown, attorneys for appellee.

Mr. Justice Boggs delivered the opinion of the Court.

At the common law, interest was not recoverable at any rate or in any case. City of Pekin v. Reynolds, 31 Ill. 529; 11 Amer. and Eng. Ency. of Law, 379.

Any sum of money received for the use of other money was denominated usury and deemed unlawful at common law. 3 Parsons on Contracts, 102.

Our statute, however, permits parties to bargain for interest at a certain rate and allows interest under certain circumstances without a contract to pay it. Recovery of interest, therefore, depends upon the statute. Unless authorized by the statute, interest can not be recovered. Greenhood v. Town of La Salle, 137 Ill. 230; I. C. R. R. Co. v. Cobb, 72 Ill. 148; Munger v. Jacobson, 99 Ill. 347.

The statute in force at the time of the transaction under consideration made it lawful for parties to stipulate or

agree in any written contract for the payment of not exceeding eight per cent interest per annum and required payment of interest at the rate of six per cent per annum to be made in the absence of a contract under certain enumerated circumstances. Chap. 74, Secs. 2, 3 and 4, R. S., 1881 (Cotheran's Ed.).

The facts of the case at bar do not bring it within any one of the provisions of the statute providing for an allowance of interest by force of law in the absence of a stipulation or agreement to pay interest, nor is it so claimed.

It follows that the appellant is not liable for the payment of interest as claimed, unless she stipulated or agreed in the written instrument herein before set out, to pay it. The proper construction of the instrument in this respect must therefore determine the contention. The instrument or contract will be found to be largely devoted to a recitation of the facts upon which it is based. Under a formal whereas, it is first recited that the appellant has purchased the lots of the appellee at the price of $8,000 and has assumed to pay as a part of such sum the indebtedness secured by the mortgage to the trust company, and that the trust company claims that such indebtedness amounts to $7,500 and interest, and that suit for the foreclosure of the mortgage is pending, and the appellee is defending such suit for the purpose of obtaining a reduction of the indebtedness It is then recited under another formal whereas, that the parties to the agreement, as a basis for determining an amount which, under the circumstances, the appellant might safely pay to the appellee out of the purchase price of the lots, had assumed that the sum of $7,500 is the correct amount of the indebtedness to the trust company, and that upon such assumption the appellant had paid $500 to the appellee. The facts thus recited show that the appellant retained $7,500 of the purchase price of the lots. The object of the recitals was to show the reasons upon which the undertaking and promise of the appellant, about to be written, is founded. Having stated by way of such recitals the reasons upon which such promise is based, the instruments

proceed to state the promise. It is as follows:  "I (the appellant) in consideration of the premises (facts recited) do hereby agree and promise to pay said Rose H. Fowler the amount of any reduction of said indebtedness she may obtain by the judgment or order of the court in said cause, and to pay the same whenever such judgment or decree may be rendered, or in case of appeal when the appeal is determined and the amount ascertained."

No promise or agreement is here found to pay interest at any rate or upon any sum, and as we have before seen, interest is not recoverable under the statute upon the facts of the case, in the absence of a promise to pay interest. It is argued that the words " and interest " italicized in the copy of the agreement set out in the statement of the case, bind the appellant for the payment of interest. We think not. The words are but part of the recital as to the claims put forth by the trust company. But it is urged the contract was made upon the basis of such recited claim, and that the promise of the appellant thereafter written in the instrument to pay " the amount of any reduction of such indebtedness " must be referred to such recitation, and the appellant held liable to pay an amount to be determined by deducting the sum recovered by the trust company by the decree from the sum of $7,500, claimed by the trust company and interest thereon from the date of the agreement according to the claim of the trust company in that respect. The notes given by the appellee to the trust company provided for the payment of interest at ten per cent per annum, which rate was lawful upon special contract when the debt to the company was incurred. The defense of usury was not based upon this rate of interest as being illegal, but upon other usurious consideration growing out of the negotiations for the loan; hence, if the contract between the parties to the action be given the construction thus suggested the appellant would be required to pay interest, not at the rate of six per cent as claimed by the appellee and awarded by the Circuit Court, but at the rate of ten per cent. Such a result was manifestly not intended. Moreover

the parties did not intend that the claim of the company as to the principal or interest of the mortgage indebtedness should be resorted to to determine the "amount of the reduction of such indebtedness to be paid by appellant to the appellee. We are not left to conjecture as to this. The promise is preceded by an unequivocal statement that the parties to it assumed as the basis for their action and agreement, that $7,500 is the correct amount of the indebtedness in question. Upon that assumption the appellant paid the appellee $500 and executed the promise to pay her "the amount of any reduction of said indebtedness."

The "amount of such reduction" must be determined by reference to the facts assumed by the parties to be true as the basis for the promise. The transaction in brief was that the appellant bought the lots at the price of $8,000; the parties assumed for the purpose of their agreement that the lots were incumbered to the extent of $7,500. The appellant paid $500, the difference between the purchase price and the assumed amount of the incumbrance, retained $7,500 to protect herself against the claim of the insurance company, and contracted that if the appellee succeeded in reducing the incumbrance below $7,500, she would pay the amount of such reduction to her, and the balance of $7,500 she must of course pay in discharge of the decree as required by the stipulation inserted by the appellee in the deed for the property.

The words "and interest," referred to, have no connection with or bearing upon the undertaking of the appellant.

As we construe the contract, the appellant did not agree to pay interest at any rate upon the $7,500, or upon any part of such sum.

Nor does it seem to us that interest thereon ought to be required of the appellant, upon the reason or justice of the matter.

True, she had possession of and enjoyed the rents and profits of the property, but she paid a portion of the purchase price in cash and stood charged with an obligation to pay the full amount of the remainder of such purchase price

Harts v. Fowler.

at any time when the court should determine to whom and in what amount it should be paid. She could only await such legal determination, charged all the while with the duty of keeping in hand the entire sum of money upon which it is now claimed interest should be paid, so that she might be able to comply at any moment with the obligation of the contract sued upon.

Money thus held, or an indebtedness thus payable, ought not to be deemed interest-bearing—is not interest-bearing under our statute—in the absence of an express promise to pay interest.

It appears from the evidence, and so it is conceded by the appellant, that after the payment of the decree in favor of the trust company, there remained in appellant's hands the sum of $3,015.66, balance of the $7,500 not required to discharge the mortgage indebtedness. This sum ought have been paid by appellant to the appellee on the 2d day of January, 1892.

Under the statute then and now in force, it bore interest at five per cent from that date. The judgment of the Circuit Court should, we think, have been for that sum and interest at that rate from such date.

The judgment appealed from is reversed and the cause remanded, with directions to the Circuit Court to render judgment for the appellee against the appellant for the sum of $3,015.66, together with interest thereon at five per cent per annum from January 2, 1892, to the date of the rendition of such judgment.

Reversed and remanded with directions.