70  153
s183s626

## John M. Ewen v. Albert G. Wilbor, Jr.

1. GUARANTOR—*Who is Prima Facie—Nature of Liability May be Shown.*—The name of a party, other than the payee, upon the back of a promissory note is *prima facie* a guaranty of which the void nature may be shown by other evidence, even parol.

2. GUARANTY—*Nature of the Undertaking.*—A guaranty is not an undertaking that the guarantor will perform, but that another will, the legal consequence of which is that, if that other does not perform, the guarantor must make good the damage.

3. SAME—*When there is No Liability.*—There is no liability on the part of the guarantor until there is a default on the part of the principal.

4. CONTRACTS—*Existing in Different Instruments.*—Where an agreement exists by virtue of two or more written instruments all instruments *in pari materia* are to be read together, as constituting the entire contract.

5. DEMAND—*Must be by Parties in Interest.*—Where a promissory note is given only as security for the performance of an agreement to return to the payee a deposit upon a contingency at his option, if demanded, but if not demanded, to continue as such deposit until demanded; a demand for payment of the note by a notary public, is not a sufficient demand for the return of the deposit under the agreement.

**Assumpsit,** on a promissory note. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1897. Reversed and remanded. Opinion filed May 6, 1897.

HENRY M. BACON and HENRY SCHOFIELD, attorneys for appellant.

CHARLES M. WALKER and CHARLES M. SHERMAN, attorneys for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The appellee sued the appellant upon a promissory note, which, as introduced in evidence, is described in the abstract thus:

" $1250. Chicago, 7th June, 1893. On demand, after six months after date, I promise to pay to the order of

Albert G. Wilbor, Jr., twelve hundred and fifty and 00-100 dollars, at my office, Chicago, Ills. Value received. Warren Ewen, Jr." " On the back of the note are the indorsements in the order named: 'John M. Ewen,' 'A. G. Wilbor, Jr.' the latter being below the former. No other writing appears on back of the note. Across the face of the note the following words, written with a pen, appear: 'Protested for non-payment this 9th day of December, 1893. I. W. Brown, Notary Public.'"

The notary's certificate of the protest showed that the presentment for payment and protest were made at the request of the Merchants Loan and Trust Company.

The note was given in renewal of a like note—except as to date—given in pursuance of the provisions of a contract between the maker and payee as follows:

"This AGREEMENT, made this fifteenth day of November, A. D. 1892, by and between Warren Ewen, Jr., party of the first part, and Albert G. Wilbor, Jr., party of the second part, both of the city of Chicago, Illinois,

WITNESSETH: That whereas, the said party of the first part is the owner of the rights in certain territory of the United States for certain patents known as the muti-color dry process and has applied for certain other letters patent for improved process of making 'blue-prints,' and is about to apply for others, and is likely to improve upon the same and to use, invent and to own other patent processes for copying; and whereas said party of the first part believes and represents unto the said party of the second part that by reason of the superiority of said processes over all others he can procure the same, some or all of them, to be adopted by the United States government for general use in the making of plats, prints and drawings used by government architects in and about all United States government architectural work; now, therefore in consideration of the premises and of the further sum of one ($1.00) dollar in hand paid by the said party of the second part to said party of the first part, and of other good and valuable considerations, the receipt of which is hereby acknowledged, the said parties of the first

and second parts, respectively, do hereby mutually covenant, promise and agree each with the other as follows:

First:  The said party of the first part hereby agrees to use his best endeavors to procure the adoption by the said government of said processes for use in all government architectural work; and, in the event of being successful in procuring the same or any of them to be so adopted, all profits and other benefits arising therefrom are to be shared by the parties hereto in equal proportions.  Whatever contract, agreement or arrangement that shall or may be made with said United States government regarding said processes, or any of them, shall be made between said government on the one hand and Warren Ewen, Jr., and Albert G. Wilbor, Jr., on the other hand; the intention being that each of the parties hereto shall take in his own name and own an undivided one-half interest in any and all contracts, agreements or arrangements that may or shall hereafter be made with the United States government respecting the use of said processes or any of them.

Second:  The said party of the second part has, upon the ensealing and delivery of these presents, deposited with the said party of the first part, as a special deposit and earnest of good faith herein, the sum of twelve hundred and fifty ($1,250) dollars, the receipt of which is hereby acknowledged by said first party.

Said sum of twelve hundred and fifty ($1,250) dollars shall be held by said party of the first part as a special deposit; but it shall immediately, upon the receipt by said second party of a duly executed agreement or contract between the United States government and the parties hereto, providing for the adoption for general use in government work of any of said processes, become the property of the said party of the first part to compensate him in full for his services and the sale to the said party of the second part of said one-half interest in said contract or agreement, and in all such other contracts, agreements and arrangements as shall hereafter be made with the United States government respecting the use of said process or any of them, as above mentioned.

Provided, however, that unless said, contract or agreement with the said government is consummated on or before May 15, A. D. 1893, said sum of twelve hundred and fifty .($1,250) dollars shall, at the option of said party of the second part, be then returned by said first party to said second party, and then and in that case this agreement shall be ended, and from thenceforth absolutely null and void. Should said second party, however, not elect to have said sum of twelve hundred and fifty ($1,250) dollars returned to him, as aforesaid, it shall continue to be held by said first party as such special deposit aforesaid until said government contract or agreement shall be made or until demanded by said party of the second part, when it shall be at once due and payable to him.

In order to better secure the repayment of said sum of twelve hundred and fifty ($1,250) dollars in the event that repayment thereof should be demanded, the said party of the first part has made, executed and delivered his note of hand for said sum, of even date herewith, payable on demand after six months after date, to the order of said party of the second part, at the office of said first party, Chicago, Illinois, and has procured said obligation to be guaranteed by John M. Ewen, of Chicago, Illinois.

WARREN EWEN, JR.        [SEAL.]

ALBERT G. WILBOR, JR. [SEAL.] "

The appellant's name on the back of the note is *prima facie* a guaranty, of which the real character may be shown by other evidence—even parol.  Kingsland v. Koeppe 35 Ill. App. 81, 137 Ill. 344.

A guaranty is not an undertaking that the guarantor will perform, but that another will, the legal consequence of which is that if that other does not perform, the guarantor must make good the damage.   Gridley v. Capen, 72 Ill. 11.

If there be no default by the principal, there can be no liability by the guarantor.   Harts v. Fowler, 51 Ill. App. 612; 53 Ill. App. 245.

Now the note of which the note in suit is a renewal, being given in pursuance of that agreement of November 15, 1892,

was subject to whatever there was in that agreement to limit its effect, as " all papers *in pari materia* are to be read together, as constituting the entire contract." Grand Lodge, etc., v. Jesse, 50 Ill. App. 101; Greenebaum v. Gage, 61 Ill. 46. And the note in suit being only in renewal of the other, would be of the same legal effect as that. Wheelock v. Berkeley, 138 Ill. 153.

The principle is the same as is applied in case a note secured by mortgage is renewed—the security continues. Flower v. Elwood, 66 Ill. 438.

Now turning to that agreement of November 15, 1892, it is seen that the original note was given only as security for the performance by Warren Ewen, Jr., of undertakings as there shown, and that among his undertakings was to return to the appellee a deposit of $1,250 upon a contingency, and at the option of the appellee, if demanded by the appellee, but if not demanded, to continue as such deposit until demanded.

That, as the certificate of the notary says, he went " to the office of Warren Ewen, Jr., in the city of Chicago, during ordinary business hours, and demanded payment," is no demand under the agreement, for two reasons at least: First, he went at the request of the bank, which is not shown to have had any interest in the note; and second, it is not shown that Warren Ewen, Jr., knew anything about it.

As, therefore, the appellee did not show himself entitled to a return of the deposit by Warren Ewen, Jr., he had no right of action against the appellant, upon the security given for the return of that deposit.

The law as to what is sufficient presentment for payment of commercial paper in order to charge indorsers has no application to this case.

The judgment is reversed, and in order that the case may be reviewed by the Supreme Court, that reversal will be specifically for refusing the third instruction asked by the appellant, which was to find for the defendant, and the cause will not be remanded.