## Ed. C. Brandenburger, Appellant, v. J. N. Martin, Appellee.

1. INJUNCTION—*restraint of breach of covenant not to engage in business.* A bill of complaint alleging the sale by defendant to complainant of a certain newspaper and the job printing plant connected therewith under an agreement by defendant not to engage in the newspaper or printing business at that place while complainant should remain in the business but that, notwithstanding such agreement, defendant connected himself with another newspaper and printing plant owned by his brother, was sufficient to sustain a decree to enjoin defendant from engaging in or entering the newspaper or printing business in the city, so long as plaintiff continued to operate the newspaper, and printing plant purchased from defendant, either as agent, representative, solicitor, manager, reporter, or in any other. capacity wherein the popularity, knowledge and skill of the defendant would come into conflict with the business of complainant.

2. INJUNCTION—*extent of relief afforded against breach of covenant not to engage in business.* Where a court enjoined one who sold a newspaper and printing business, under an agreement not to re-engage in that business in the city, from engaging in such business for himself or any other person, either as agent, representative, solicitor, manager, reporter, or in any other capacity wherein the popularity, knowledge and skill of defendant would come into conflict with complainant's business, it properly refused to incorporate further provisions which would have the effect of preventing defendant from engaging in any capacity whatsoever and from performing any service in the business, regardless of whether it would result in his competition with complainant in the business.

3. GOOD WILL—*acts not constituting breach of vendor's agreement not to engage in business.* Working in a subordinate capacity or in a mechanical capacity or performing manual labor or routine work which any other person could do as. well cannot be regarded as a breach of a contract, made upon the sale of a newspaper and job printing business, that the vendor would not enter or engage in the newspaper or printing business in the city while the vendee should continue in the business at that place.

Appeal from the Circuit Court of Moultrie county; the Hon. GEORGE A. SENTEL, Judge, presiding. Heard in this court at the April term, 1921. Affirmed. Opinion filed April 22, 1922.

MILLER & PATTERSON, for appellant.

RAY D. MEEKER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case Ed. C. Brandenburger filed a bill in equity in the circuit court of Moultrie county against J. N. Martin. The bill alleges that on the 21st day of May, 1919, the complainant in the bill entered into a written contract with the defendant, J. N. Martin, and his brother, R. W. Martin, who were partners, doing business under the name of Martin Brothers, for the purchase by him, for a consideration of $7,500, of a weekly newspaper known as the SULLIVAN PROGRESS; and a job printing establishment connected therewith, together with the entire equipment of the newspaper and job printing plant; and including the subscription list, and stock on hand. That in consideration of this purchase by him, and as a part of the contract of sale entered into by said parties, that it was agreed by said J. N. Martin and R. W. Martin that neither of them would enter or engage in the newspaper or printing business in Sullivan, Illinois, during the time that Brandenburger should continue in business at said place; that the said J. N. Martin, afterwards in the spring of 1920, again entered and engaged in the newspaper and printing business, by connecting himself with the newspaper and plant of the SATURDAY HERALD, in the City of Sullivan, of which his brother, John Eden Martin, had become the owner; and the bill prays that the defendant, J. N. Martin, may be enjoined from engaging in or entering the newspaper and printing business in the City of Sullivan, Illinois; and from entering into said business either for himself or for any other person as agent, servant, employee or otherwise; and that he be restrained from remaining with the said SATURDAY HERALD, and the job printing establishment therewith connected, in any capacity whatsoever, or in becoming

connected with any other newspaper or printing shop or establishment in said City of Sullivan, during the time that the complainant might be engaged in said newspaper and printing business in said city; also, from in any manner interfering with the business of the complainant, and from doing any act or acts whatsoever, which would be a violation of the letter and spirit of the contract between the parties. The defendant filed a general demurrer to the bill, which was overruled; and thereupon the defendant abided by his demurrer, and the court rendered a decree under the averments of the bill, granting relief to the complainant.

The decree rendered enjoined the defendant from engaging or entering in the newspaper or printing business in the City of Sullivan so long and during the time that the complainant continued in said business of printing, publishing, editing and owning and managing the SULLIVAN PROGRESS, or the job printing plant or establishment therewith connected; or continue to be in said business in said City of Sullivan. Also enjoined him from engaging and continuing to engage in and from entering the said newspaper and printing business or the newspaper or printing business in the City of Sullivan, Illinois, so long as the complainant might be or continued to be engaged in said business in said city, and enjoined him from engaging and from continuing to engage in said newspaper or printing business in said city, either for himself or for any other person or persons, firm or firms or corporation or corporations, either as agent, representative, solicitor, manager, reporter, or in any other capacity or capacities whatsoever wherein the popularity, knowledge and skill of the defendant acquired and exercised by him in the newspaper or printing business should or would come in conflict with, or in competition with, the business of the complainant in the printing, publishing and operating of said SULLI-

VAN PROGRESS, or the job printing establishment therewith connected, so long as the complainant should or continued to be engaged in said business in said city. The complainant thereupon requested the court to incorporate in the decree the following additional provision:

"It is further ordered, adjudged and decreed by the court that the said J. N. Martin be, and he is hereby prohibited and enjoined from working as a servant or employee in the newspaper or printing business for any other person or persons, firm or firms, corporation or corporations, in the said City of Sullivan, Illinois, which are or may be competitors of the business of the said Ed. C. Brandenburger in owning, operating, managing, editing or publishing the said 'THE SULLIVAN PROGRESS,' or in owning, operating or managing the job printing plant or establishment therewith connected, during the time, and so long as, the said Ed. C. Brandenburger shall continue in said business in the said City of Sullivan, Illinois," which the court refused to do. The complainant then requested the court that the following provision be made a part of the decree, namely:

"It is further ordered, adjudged and decreed by the court that the said J. N. Martin be, and he is hereby prohibited and enjoined from engaging and continuing to engage in, and from entering the said newspaper and printing business, or the newspaper or printing business, in the City of Sullivan, Illinois * * *; and it is further ordered, adjudged and decreed by the court that the said J. N. Martin be, and he is hereby enjoined and prohibited from engaging and continuing to engage in said newspaper or printing business in said city, either for himself, or any other person or persons, firm or firms, corporation or corporations, either as agent, representative, solicitor, manager, foreman, reporter, editor, buyer of supplies of printer or in any other capacity or capacities whatsoever, wherein the popularity, business integrity, ability, knowledge and skill of the said J. N. Martin acquired and exercised by the said J. N. Martin in the news-

paper and printing business, shall or will come in conflict with or in competition with the business of the said Ed. C. Brandenburger in the printing, publishing and operating the said 'THE SULLIVAN PROGRESS,' or any other newspaper which the Ed. C. Brandenburger may hereafter own and operate in said City of Sullivan, Illinois (provided the said complainant is continuously engaged in the newspaper and printing business in said city), or the job printing plant or establishment or establishments therewith connected, so long as the said Ed. C. Brandenburger shall continue to be engaged in said newspaper and printing business.

"It is further ordered, adjudged and decreed by the court that the said J. N. Martin be and he is hereby enjoined and prohibited from doing any work, or performing any service, of whatsoever kind or character for the said 'THE SATURDAY HERALD' or the owner or owners thereof, or for any other newspaper or newspapers, or job printing plants or establishments, or the owner or owners thereof, in the said City of Sullivan, Illinois, so long as the said Ed. C. Brandenburger shall be or continue to be engaged in the newspaper and printing business in said city, which will in any way aid, or tend to aid, the said newspaper or the said job printing plants or establishments with which the said J. N. Martin may hereafter become connected as servant, or employee, or their owner or owners as the case may be, from becoming stronger competitors or rivals in business of the said Ed. C. Brandenburger in his said business of owning, operating, editing and publishing the said newspaper of the said Ed. C. Brandenburger, or the job printing plant or establishment therewith connected.

"It is further ordered, adjudged and decreed by the court that the said J. N. Martin be and he is hereby enjoined and prohibited from, in any manner, interfering with the said business of the said Ed. C. Brandenburger, and from doing any act or acts, of any kind or character, which will in any way damage the business of the said Ed. C. Brandenburger, so purchased from the said Martin Brothers as aforesaid, or detract

therefrom the custom and business of the public; that the said J. N. Martin be, and is hereby, prohibited, restrained and enjoined from soliciting or accepting news, advertising, job work, orders, subscriptions or any other custom from the public, in said City of Sullivan, Illinois, so long as the said Ed. C. Brandenburger shall be engaged in the newspaper and printing business in' said City of Sullivan, and from managing, overseeing, handling, supervising, controlling, governing, or directing any newspaper or newspapers, or job printing plant or establishment, or plants or establishments in the said City of Sullivan, Illinois, so long as the said Ed. C. Brandenburger shall be, or continue to be engaged in the newspaper and printing business in said city,''
which the court refused to do. From this action of the court the complainant prayed an appeal; the defendant in the bill also prayed an appeal from the decree as rendered.

The defendant on appeal urges, as grounds for reversal of the decree, that the bill shows no equity on its face and that the complainant had a complete remedy at law. We are of opinion that the facts alleged in the bill of complaint which are admitted by the demurrer must be regarded as a sufficient basis for the relief prayed for. It is well settled that contracts in partial restraints of trade, entered into under the circumstances shown by the bill of complaint, will be enforced by injunction. Corpus Juris, p. 469, sec. 416; *Andrews v. Kingsbury,* 212 Ill. 100; *Hursen v. Gavin,* 162 Ill. 377; *Southern Fire Brick & Clay Co. v. Garden City Sand Co.,* 223 Ill. 616; *Tarr v. Stearman,* 264 Ill. 110; *American Sand & Gravel Co. v. Chicago Gravel Co.,* 184 Ill. App. 509.

We are also of the opinion that the court properly refused to incorporate in the decree the additional provisions asked for by the complainant. By those provisions it was sought to restrain the defendant from working in any capacity whatsoever and from performing any service of whatsoever kind or character

for THE SATURDAY HERALD or the owner or owners thereof, or for any other newspaper or newspapers or job printing plants or establishments, or the owner or owners thereof, in the City of Sullivan, or to become connected as servant or employee with the owner or owners of any newspapers or job printing plants in the City of Sullivan. The provisions asked for are beyond the scope of the contract involved, and therefore were properly refused by the court. Under the terms of the provisions asked for, the defendant would have been prohibited from even doing menial work as servant, washing windows, tending to the furnace, folding papers, sweeping out the office or running errands. There is nothing in the contract which would have justified the court from preventing the defendant from working so long as such work in its scope and character did not result in an interference with the business of the complainant, and as long as such work did not partake of the character of management or control or furtherance of the business of THE SATURDAY HERALD, or its printing establishment, or in the development of its business in competition with the business of the complainant, it would not necessarily be in conflict with the terms of the contract. Working in a subordinate capacity or in a mechanical capacity, or performing manual labor, or routine work, which any other person could do as well, cannot be regarded as a breach of the terms of the contract. The contract does not, by its terms, prohibit the performances of work on a newspaper, or in a job printing establishment. The mere engagement as an employee would not be a determination of a breach of a contract, such as the one in question. *Greenebaum v. Gage,* 61 Ill. 46. It is said in 6 R. C. L. 1019, a very clear and pointed summary of the law that: "It may be suggested that the mere engagement as an employee in a rival business is not determinative of a breach of such a covenant, but the inquiry must be as to the effect of such

employment upon the business sought to be protected; and this effect will depend in part upon the nature of the business, and in part upon the participation of the employee in its control. The test to be applied to the question whether an agreement not to engage in a certain business is violated by accepting employment in that business, has been said to be, whether in its scope and character, the employment is such as to result in all likelihood in substantial interference with the business which was the subject of the contract. The nature of the business which the party abandons, and the natural and reasonable effect of the new employment upon it, are to be considered. In such a case, there is a patent distinction, it has been said, between mere servantship in a business and the management thereof. One is subordinate—inconsequential in affecting the general popularity and success of the enterprise—while the other is dominant, controlling, influential, in its appeal to public favor, and hence in its inevitable effect upon the success of the business.''

Applying these principles to the injunction decreed, we are of opinion that the scope of the injunction is fully as broad as is warranted by the terms of the contract; and for the reasons stated the decree is affirmed.

*Affirmed.*